## Klischer v. Nationwide Life Insurance Co.

*Gailey C. Keller,* for plaintiff.
*Carl Rice,* for defendant.

MYERS, *P.J.,* January 9, 1978—Plaintiff is the named beneficiary of an insurance policy purchased by her son. The latter was subsequently killed while piloting an aircraft. Plaintiff avers that she is entitled to $10,000 in basic life insurance benefits plus an additional $10,000 for accidental death benefits.

Defendant paid the basic life insurance benefit, but has refused to pay the $10,000 accidental death benefit. Plaintiff thus filed the instant suit, and

defendant thereafter filed a motion for judgment on the pleadings, pursuant to Pa.R.C.P. 1034.

Defendant's motion is primarily based upon paragraph 3 of the insurance policy, which is a part of the complaint. At paragraph 3, the policy states: "the following is a risk not assumed . . . travel or flight in any species of aircraft if an insured has any duties relating to such aircraft . . ."

Since plaintiff's complaint avers that the insured was piloting a plane at the time he was killed, defendant asserts that it is entitled to judgment on the pleadings. We do not agree with defendant.

In the application for insurance—which is also a part of the complaint—the deceased indicated that he was an airplane pilot, and that he preferred a rating rather than an aviation hazard exclusion. The deceased also filled out an additional aviation questionnaire, which states in part: ". . . either a rating or an aviation exclusion will be required . . . which is preferred?" Again, the deceased indicated that he desired a rating.

There is nothing in the application itself which indicates that the rating would apply only to the basic insurance, and that the accidental death benefit insurance would necessarily contain an aviation exclusion. The insured submitted a single application, for ten-year term insurance with an accidental death rider.

Insurance contracts are contracts of adhesion, since the insurer company prepares the policy for a purchaser who has virtually no bargaining power. As a result, when a dispute arises, such contracts are construed strictly against the insurer: Eastcoast Equipment Co. v. Maryland Casualty Co., 207 Pa. Superior Ct. 383, 218 A. 2d 91 (1966).

Moreover, if an insurance company bases a de-

fense to a claim on an exception or exclusion in a policy, the defense is an affirmative one, and the burden is on the insurance company to establish it. "Even where a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him." Hionis v. Northern Mutual Ins. Co., 230 Pa. Superior Ct. 511, 517, 327 A. 2d 363 (1974); see also: Rempel v. Nationwide Life Ins. Co., 470 Pa. 404, 370 A. 2d 366 (1977).

In the instant case, then, defendant must prove that the insured was aware of, and understood the implications of, the aviation exclusion in the accidental death insurance. In this case, at least at this point, there is no such proof. Under these circumstances, we refuse to grant defendant's motion for judgment on the pleadings.

### ORDER OF COURT

And now, January 9, 1978, defendant's motion for judgment on the pleadings is denied. Defendant is hereby granted leave to file appropriate responsive pleadings to plaintiff's complaint within 20 days from service of this order.